E-FILED
Wednesday, 12 August, 2009  02:47:07 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| HARRY EDWIN MILES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-cv-4058 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, filed by Petitioner Harry Edwin Miles on October 14, 2008 (Doc. 1).

On November 3, 2008, after conducting a preliminary review of Miles's Motion, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court held that only one of ten grounds raised by Miles (Speedy Trial Act claim) had the potential of merit. Accordingly, the Court ordered the Government to respond only with reference to that single ground and to address the Motion's timeliness. On December 17, 2008, the Government moved to dismiss Miles's Motion to Vacate as untimely. On June 5, 2009, Miles filed a "First Amended Petition for Relief From Judgment Pursuant to F.R.Civ.P 60(b)" -- a document in which Miles rambles about various issues not relevant to the timeliness of his Motion to Vacate.

Because Miles's Motion to Vacate is untimely, the Government's Motion to Dismiss (Doc. 4) is GRANTED.

## BACKGROUND

On June 6, 2006, following a jury trial, this Court entered a judgment convicting Miles of two criminal counts: (1) Conspiracy to Distribute Cocaine and Methamphetamine, in violation of 21 U.S.C. § 846 and (2) Possession With Intent to Distribute Cocaine and Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On each count, the Court imposed a sentence of 360 months' imprisonment and a five-year term of supervised release; the sentences of imprisonment were to run concurrently, as were the terms of supervised release.[1] Subsequently, Miles appealed to the United States Court of Appeals for the Seventh Circuit. In a July 3, 2007 decision, the Court of Appeals affirmed Miles's conviction and sentence. United States v. Miles, 244 Fed. Appx. 31 (7th Cir. 2007). Miles did not seek a writ of certiorari from the United States Supreme Court on direct appeal. On October 14, 2008, Miles filed the instant Motion to Vacate under 28 U.S.C § 2255.

## DISCUSSION

Title 28 U.S.C. § 2255 provides that a sentence may be vacated, set aside, or corrected:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

---

[1] The Court also imposed a special assessment of two hundred dollars.

in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

Relief under § 2255 is "an extraordinary remedy to one who already has had an opportunity for full process." Kafo v. United States, 467 F.3d 1063, 1068 (7th Cir. 2006).

A one-year period of limitation applies to motions filed under § 2255. The limitation period runs from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this action, Petitioner Miles makes no serious attempt to argue that any of the dates specified in paragraphs (2), (3), or (4) apply to the limitation period governing his Motion to Vacate. Therefore, Miles's limitation period began to run on the date the judgment of his conviction became final. 28 U.S.C. § 2255(f)(1). Because Miles did not petition the United States Supreme Court for certiorari on direct appeal, the judgment of his conviction became final ninety days after the Seventh Circuit Court of Appeals affirmed the judgment. Clay v. United States, 537 U.S. 522, 532 (2003); Sup. Ct. R. 13. The Court of Appeals affirmed the judgment

3

on July 3, 2007.  Accordingly, the judgment became final, for purposes of § 2255's one-year limitation period, ninety days later on October 1, 2007.  Miles had a period of one year from that date -- until October 1, 2008 -- to file his Motion to Vacate.  The Clerk docketed Miles's Motion to Vacate on October 14, 2008.[2]  Because Miles filed the instant Motion to Vacate outside the time allowed under 28 U.S.C. § 2255(f), the Motion is untimely.

## CONCLUSION

The instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is DISMISSED WITH PREJUDICE as untimely.  Miles's filing of June 5, 2009 (Doc. 5), which is construed as a supplement to his initial Motion to Vacate, is also DISMISSED WITH PREJUDICE.

CASE TERMINATED.

ENTERED this 12th day of August, 2009.

s/ Joe B. McDade
JOE BILLY McDADE
United States District Judge

---

[2] A document that a federal court receives from an inmate may be deemed filed on the date the inmate properly deposited the document into the prison's internal mailing system.  But to gain the benefit of this rule, the inmate must certify the date of deposit and that first-class postage was prepaid.  The certification must be made by declaration compliant with 28 U.S.C. § 1746 or by a notarized statement.  See Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; cf. United States v. Craig, 368 F.3d 738, 740-41 (7th Cir. 2004) (applying the "prison mailbox rule" in the appellate context).  Miles did not attach any such certification to his Motion to Vacate.  Therefore, the Motion is deemed filed on October 14, 2008 when it was docketed by the Clerk.