# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| HARRY EDWIN MILES, | ) |
| Petitioner | ) ) ) |
| v. | ) Case No. 08-cv-4058 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## O P I N I O N   &   O R D E R

This matter is before the Court on Petitioner's several motions attacking this Court's August 12, 2009 dismissal, as untimely, of his motion under 28 U.S.C. § 2255. (Docs. 8, 9, 10, 11, 12, & 13). Each filing is considered in turn. For the reasons stated below, each motion is dismissed or denied.

### BACKGROUND

Petitioner was sentenced in this Court in June 2006 on an earlier jury verdict finding him guilty of conspiracy to distribute and possession with intent to distribute cocaine and methamphetamine. (05-cr-40051, Docs. 44 & 86). This conviction was affirmed on appeal.[1] (05-cr-40051, Doc. 110; *U.S. v. Miles*, 244

---

[1] In this appeal, the Court of Appeals rejected Petitioner's argument on the merits that the statutes giving the Court jurisdiction over his criminal case and under which he was convicted were invalid. These arguments make up a large portion of Petitioner's § 2255 motion and are reasserted in his various post-judgment filings. In addition the Court of Appeals rejected, on procedural grounds, Petitioner's speedy trial claim, which was also asserted in his § 2255 motion. A § 2255 petition cannot be used to reassert "issues that were raised on direct appeal…absent changed circumstances." *Varela v. U.S.*, 481 F.3d 932, 935 (7th Cir. 2007) (citations omitted).

Fed.Appx. 31 (7th Cir. 2007). He filed his Motion to Vacate, Correct, or Set Aside Sentence under § 2255 on October 14, 2008.[2] (Doc. 1). On November 3, 2008, after conducting the preliminary review required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court determined that all of Petitioner's claims except his speedy trial act claim plainly had no merit, and ordered Respondent to respond to the Motion. (Doc. 3). Respondent filed a Motion to Dismiss Petitioner's Motion as untimely, which the Court granted on August 12, 2009.[3] (Docs. 4 & 6; *Miles v. U.S.*, 08-CV-4058, 2009 WL 2496732 (C.D. Ill. Aug 12, 2009)). Respondent has followed this decision with the several motions addressed in this Opinion & Order.

In Petitioner's criminal case, on June 23, 2009, the Court received a Motion to Dismiss for Constitutional Violations Related to Federal Rule of Civil Procedure 6, which it denied. (05-cr-40051, Doc. 123; 05-cr-40051, 6/23/10 Text Order). Petitioner followed this with a Motion for Reconsideration, which was also denied. (05-cr-40051, Doc. 124; 05-cr-40051, 7/13/10 Text Order). On March 1, 2010, the Court of Appeals determined that this Court should not have denied Petitioner's

---

[2] The Court found that this was the correct filing date, as the "prison mailbox rule" was inapplicable to Petitioner because he did not certify the date that he deposited the Motion in his prison's internal mailing system and that first-class postage was prepaid. (Doc. 6 at 4 fn. 2).

[3] Petitioner did not respond to the Motion to Dismiss his § 2255 motion, though he was entitled to do so and had ample opportunity prior to the Court's ruling on the Motion to Dismiss. He does not now explain why he failed to respond. Even pro se, incarcerated litigants are required to actually litigate their cases and cannot rely on the Court to do their research and make their arguments on their behalf. In ruling against Petitioner on the Motion to Dismiss, however, the Court did not rely on his failure to respond, but addressed the Motion on the merits.

motions, but rather should have construed them as second or successive § 2255 motions, which require precertification from the Court of Appeals, and dismissed them for lack of jurisdiction, as the Court of Appeals had not granted such precertification; the Court of Appeals remanded the matter to this Court for such action.  (05-cr-40051, Doc. 137).  On March 2, 2010, this Court, following the mandate of the Court of Appeals, construed Petitioner's attacks on his sentence as successive § 2255 motions and dismissed them for want of jurisdiction.  (05-cr-40051, Doc. 138).

**MOTION FOR RECONSIDERATION AND REQUEST FOR SPECIFIC FINDINGS OF FACT AND LAW (DOC. 8)**

Petitioner's first Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) was received by the Court on August 31, 2009; he states that it was sent on August 26, 2009.  (Doc. 8).  As it stood prior to December 1, 2009, Rule 59(e) provided that motions to alter or amend the judgment must be filed within 10 days of entry of judgment, and Rule 6 provided that when calculating periods of less than eleven days, intervening weekends must be omitted.  This Court entered judgment on Petitioner's § 2255 motion on August 14, 2009.  (Doc. 7).  As Petitioner certified in the motion that he had mailed it on August 26, 2009, his Rule 59(e) motion was timely.[4]

---

[4]   A timely Rule 59(e) motion is not subject to § 2255's limits on successive collateral attacks, as it is not a collateral attack. *Curry v. U.S.*, 307 F.3d 664, 665 (7th Cir. 2002).
    The Court gives Petitioner the benefit of the doubt as his compliance with the "prison mailbox rule," as he does not explicitly state that he prepaid first-class postage.  Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Petitioner does state that he "sent by first class mail to the

3

A party seeking to alter or amend a judgment pursuant to Rule 59(e) generally must demonstrate newly discovered evidence, an intervening change in the controlling law, or a manifest error of law that would lead the Court to correct the error. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). In this case, the Court determined that Petitioner's § 2255 motion was untimely, so, in order to grant Petitioner's Rule 59(e) motion, it must find that that determination was in error.

Most of the issues raised by Petitioner in his Rule 59(e) motion are really restatements of the merits of the arguments made in his § 2255 motion, or new arguments against his conviction, and are not directed toward the Court's decision that his § 2255 motion was untimely; these issues are considered first. Petitioner argues, in this first Motion for Reconsideration, that there is newly discovered evidence that the statutes under which he was convicted are invalid and that the courts profit from convictions by selling "conviction bonds."[5] (Doc. 8 at 3). He also cites "newly discovered evidence" that records relating to himself were concealed by

---

opposing counsel" the motion, and the motion as a whole is supported by his declaration that the statements are made under penalty of perjury.

    If the Court were to use the date the motion was received by the Court as the date of filing, it would be compelled to construe the motion as a Rule 60(b) motion and dismiss those parts of it that attack Petitioner's sentence as successive collateral attacks under § 2255(h). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009) (*quoting Talano v. Nw. Med. Faculty Found. Inc.*, 273 F.3d 757, 762 (7th Cir.2001)) (When "a motion to alter or amend a judgment under Rule 59(e)…is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion."); *Curry v. U.S.*, 307 F.3d 664, 665 (7th Cir. 2002).

[5]    These arguments are restated in Petitioner's "Notice of Supplemental Authority Related to 60(b) Motion and Related to Court Fraud in this Case." (Doc. 10).

4

the government, and that the prosecutors improperly received bonuses and financial incentives for his prosecution and conviction. (Doc. 8 at 3). Finally, Petitioner cites a number of "clear errors of law and fact" that supposedly undermine his conviction: the statutes under which he was convicted are invalid; the Court was "practicing law from the bench, acting as a second prosecutor;" the Court "is acting in violation of 28 USC section 454 and 455 and is interfering with Petitioner's right to justice;" the Court acted without jurisdiction; the government concealed evidence; and the government failed to disclose the alleged financial incentives of the prosecutors. (Doc. 8 at 4). Each of these clearly relate to Petitioner's underlying conviction, either as new arguments or as attempts to re-hash the arguments made in his § 2255 motion, not to the Court's determination that his § 2255 motion was untimely, and therefore do not show that the Court made an error in that decision.

There are a few issues raised in the first Motion for Reconsideration that do attack the Court's handling of his § 2255 motion, rather than his conviction, but none of them warrants alteration or amendment of the Court's judgment on the § 2255 motion. He claims that "[b]ased on the verified pleadings in the case the Petitioner was entitled to relief;" that the "failure to cite case law by the court to support its order leaves the order as void for vagueness, conclusory, and contrary to law;" that the "court violated Due Process by ignoring the plain language of 28 USC section 2255, et seq, which required a hearing on Petitioner's claims;"[6] that the

---

[6] A hearing is not required where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The

5

"court committed fraud by not reading the pleadings and by failing to follow the law as established by the Constitution and the Supreme Court;"[7] that the "government committed fraud by misrepresenting to the court in its Motion to Dismiss the date of the filing of the 2255 and by failing to notify the court of the Supreme Court filing by Miles which stayed the proceedings related to his 2255 motion;"[8] and that "the court committed fraud by failing to make findings of fact and conclusions of law on all of Petitioner's claims."[9]  (Doc. 8 at 4).  None of these claims, even if true, would

---

Court dismissed all but one of Petitioner's claims under this rule. (Doc. 3). Further, after receiving the Motion to Dismiss from Respondent, the Court reviewed the record and determined that a hearing was not necessary, as there were not factual disputes as to the untimeliness of Petitioner's motion. Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A hearing is not required in every case. *Patel v. U.S.*, 19 F.3d 1231, 1235 (7th Cir. 1994).

[7]    This argument is restated in Petitioner's "Notice of Supplemental Authority Related to 60(b) Motion and Related to Court Fraud in this Case." (Doc. 10). The Court did in fact carefully read the pleadings and other submissions in this case, and applied the law to them.

[8]    As discussed below, the government's statement of the mailing date was correct, and Petitioner's Supreme Court submission is irrelevant to the issue of whether his § 2255 petition was untimely. Further, Petitioner did not contest these representations by Respondent by filing his own response to the Motion to Dismiss.

[9]    Though the preferred practice when summarily dismissing a motion under Rule 4 is to "enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the Rule, and explain the legal grounds for that action," such an explanation would not have changed the ultimate conclusion that Petitioner's motion, including each of the claims asserted in it, was untimely. *U.S. v. Counts*, 691 F.2d 348, 349-50 (7th Cir. 1982) (noting "preferred practice," but upholding summary dismissal that did not state reasons).

   Earlier in this Motion, Petitioner notes that § 2243 requires a show cause order to be returned by the petitioner's custodian within three days of the court's order. While this is what § 2243 requires for § 2254 cases, which involve state prisoners, the strict time limit has been relaxed by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. "Rule 4 [of the

change the fact that Petitioner's § 2255 motion was untimely, and therefore they do not lead the Court to alter or amend that determination.

The only arguments relating to the timeliness of Petitioner's § 2255 motion are that it was filed on October 7, 2008, contrary to the Court's determination that it was filed on October 14, 2008, and that his time to file was tolled by a "direct" habeas corpus petition to the Supreme Court, which was filed on October 11, 2007 and denied on February 19, 2008. (Doc. 8 at 2). First, the Court's determination that Petitioner did not properly certify the mailing of his motion under the "mailbox rule" was correct; no such certification appears in the § 2255 motion. (Doc. 1). Even if the Court were to consider the October 7, 2008 mailing date Petitioner advocates, the motion would still be untimely, as his conviction became final on October 1, 2007, and his § 2255 motion was therefore due on October 1, 2008.

Neither does Petitioner's October 11, 2007 Supreme Court filing toll the one-year statute of limitations in § 2255(f). As discussed by the Court in its August 12, 2009 Opinion & Order, § 2255(f)(1), the date that Petitioner's judgment of conviction became final begins the one-year limitations period; Petitioner does not contest this. Following the Court of Appeals' affirmance of this Court's judgment on July 3, 2007,

---

Rules Governing Section 2254 Proceedings for the United States District Courts] gives the court the discretion to take into account various factors…before determining a time within which an answer must be made." Advisory Committee Notes, Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Further, and even more importantly, § 2255 is not governed by § 2243, which applies to habeas corpus petitions, not to § 2255 motions to set aside, vacate, or correct sentence. *See* Advisory Committee Notes, Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For § 2255 motions, the Court has discretion to set the applicable deadlines for Respondent's response.

Petitioner had ninety days in which to petition for certiorari to the Supreme Court, which ran out on October 1, 2007, which is when his judgment became final. According to the instant motion, Petitioner filed his petition with the Supreme Court on October 11, 2007. To the extent that this constituted a petition for certiorari, it was untimely and therefore did not have the effect of tolling the one-year limitations period. To the extent that it was indeed a "direct" habeas petition, it was not a petition for certiorari and thus did not disturb the finality of the judgment of conviction.[10] The "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. U.S.*, 537 U.S. 522, 525 (2003). Because none of the reasons advanced by Petitioner show that the Court's determination that his § 2255 motion was untimely was in error, his Rule 59(e) motion is denied.

### SUPPLEMENT TO 60(B) MOTION AND REQUEST FOR DISMISSAL OF INDICTMENT FOR COURT FRAUD (DOC. 9)

This motion was received by the Court on October 7, 2009, and is thus unquestionably a Rule 60(b) motion. A Rule 60(b) motion that attacks the petitioner's underlying conviction must be construed as a second or successive § 2255 motion and dismissed for want of jurisdiction by the district court under § 2255(h). *Curry v. U.S.*, 307 F.3d 664, 665 (7th Cir. 2002). This motion is entirely concerned with the grand jury proceedings supporting Petitioner's underlying criminal indictment, and therefore must be construed as a successive § 2255 motion

---

[10] Indeed, § 2255 lacks language analogous to that of § 2254(d)(2) providing that the "time during which a properly filed application for State post-conviction or other collateral review with repect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

and dismissed for want of jurisdiction. The substance of this filing is duplicated in Petitioner's January 19, 2010 filing labeled "Supplement to 60(b) Motion and Request for Dismissal of Indictment for Court Fraud," which, for the same reason, must also be dismissed for want of jurisdiction. (Doc. 11).

### NOTICE OF SUPPLEMENTAL AUTHORITY RELATED TO 60(B) MOTION AND RELATED TO COURT FRAUD IN THIS CASE (DOC. 10).

Though not docketed as a motion by the Clerk, this filing does request a hearing and moves the Court for dismissal of the indictment against him because his conviction was allegedly obtained by fraudulent proceedings in which the court "knew" that it did not have jurisdiction; it is therefore a motion. As it challenges Petitioner's conviction and sentence, it is construed as a successive motion under § 2255, and is dismissed for want of jurisdiction.[11]

### MOTION FOR A THREE-JUDGE REVIEW PANEL (DOC. 12)

In this motion, Petitioner requests that a three-judge panel review this case, as the "record clearly shows…that this court is biased for the government." (Doc. 12 at 1). Petitioner relies on the statement that "no rulings were made in favor of the Petitioner." (Doc. 12 at 1). He therefore requests that the Court recuse itself from this matter. The Court denies that it was or is biased against Petitioner. That no

---

[11] As the Seventh Circuit has held, "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1 [now § 2255(a)], is a motion under § 2255." *Melton v. U.S.*, 359 F.3d 855, 857 (7th Cir. 2004) (*citing Ramunno v. U.S.*, 264 F.3d 723 (7th Cir. 2001); *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000); United *States v. Evans*, 224 F.3d 670 (7th Cir. 2000)). Petitioner's instant motion is exactly within the terms of § 2255(a): "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground…that the court was without jurisdiction to impose such sentence…may move the court which imposed the sentence to vacate, set aside or correct the sentence."

rulings made have been favorable to a particular party does not indicate a court's bias, but rather that the party's motions were not meritorious or that their opponent's motions were meritorious. A court is not required to ensure that an even number of rulings is made in favor of each party in order to prove its neutrality. This motion is denied.

**MOTION FOR JUDGMENT ON THE PLEADINGS RELATED TO 60(B) MOTION (DOC. 13)**

Petitioner requests judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and asks the Court to "take judicial notice that the government in the instant case has waived argument and not responded to the proceedings." (Doc. 13 at 1). His arguments for judgment on the pleadings pertain only to the merits of his underlying conviction, not to the Court's determination that his § 2255 motion was untimely, and therefore must be construed as a successive § 2255 motion and dismissed for want of jurisdiction.

IT IS THEREFORE ORDERED:

1. The Motion for Reconsideration and Request for Specific Findings of Fact and Law (Doc. 8) is DENIED.

2. The Supplement to 60(B) Motion and Request for Dismissal of Indictment for Court Fraud (Doc. 9) is DISMISSED FOR WANT OF JURISDICTION.

3. The Notice of Supplemental Authority Related to 60(b) Motion and Related to Court Fraud in this Case (Doc. 10) is DEEMED to be a motion and is DISMISSED FOR WANT OF JURISDICTION.

4. The Supplement to 60(b) Motion and Request for Dismissal of Indictment for Court Fraud (Doc. 11) is DISMISSED FOR WANT OF JURISDICTION.

5. The Motion for a Three-Judge Review Panel (Doc. 12) is DENIED.

6. The Motion for Judgment on the Pleadings Related to 60(b) Motion (Doc. 13) is DISMISSED FOR WANT OF JURISDICTION.

7. Petitioner is ADVISED that no further relief is available to him in the District Court, and that his § 2255 Motion was TERMINATED by the Court's August 12, 2009 dismissal.


Entered this 15th day of March, 2010.


s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge